Battle, J.
 

 We agree with his Honor in the court below that the cause ought to have been placed on the trial docket.
 
 *496
 
 We are inclined to think upon the authority of the cases of
 
 McDowell
 
 v. Bradley, 8 Ire., 92, and
 
 Robinson
 
 v. Bryan, 12 Ire., 183, that his Honor would have been warranted in allowing the plaintiff to file an appeal bond, in answer to the motion of the defendant to dismiss the appeal for the want of a bond. In both those cases the appeal bonds were so defective, that new bonds had to be filed to sustain the appeal which the appellant had craved in the County Court and which he was desirous to prosecute. In the present case, though no bond was filed, yet the plaintiff had asked for an appeal, which had been granted, and he by no means intended to abandon it. The bond which he offered to give in the Superior Court fully mot the purposes for which such a bond was required, to-wit, the effectual securing the appellee, and that substantially by the means prescribed in the statute.
 
 McDowell
 
 v.
 
 Bradley, supra.
 
 If this were so, then it is certain that, though his Honor thought it his duty to dismiss the appeal, he was fully justified in ordering a
 
 certiorari,
 
 and, upon its return, placing the case on the trial docket.
 

 But, supposing that his Honor was bound in law to dismiss the appeal for the want of a bond, yet we think that the circumstances of the case authorized him to allow the case to be brought up to the Superior Court by the writ of
 
 certiorari,
 
 which in a proper case has always been used as a substitute for an appeal.
 
 Murray
 
 v.
 
 Shanklin,
 
 4 Dev. & Bat., 276.
 

 The interlocutory order must be affirmed, and this opinion certified to the court below as in such cases the law directs.
 

 Per Curiam. Order affirmed.